BEFORE THE SECOND DIVISION, NOVEMBER 20, 1952

**No. 56939.**—H. A. Wood *v.* United States, petition 6751–R (Pembina).

FORD, Judge: The petition listed above was filed under the provisions of section 489 of the Tariff Act of 1930 and prays for the remission of additional duties incurred by reason of undervaluation of certain neatsfoot oil on entry.

It appears from the official papers before us in this case that the merchandise consisted of 20 drums of neatsfoot stock, weighing 8,120 pounds, which was entered at 26 cents per pound, less freight of $161.80, less internal tax of $121.80, less duty of 10 per centum, amounting to $166.15. According to the testimony of one of the witnesses, these deductions brought the entered value of the merchandise down to around 22 or 23 cents per pound. It was appraised at 25 cents per pound, net, packed, on the basis of foreign value.

At the trial of this petition, the customhouse broker, in whose name the entry was made, testified, in effect, that it was discovered before the shipment left Canada that there was a home market value in Toronto for this merchandise of 25 cents per pound and that, consequently, the entered value was advanced by the appraiser to 25 cents per pound, net, packed.

It further appears from the record that the exporter of this merchandise, Canada Packers, Ltd., had several offices or plants in Canada and that it was the practice of these offices to keep each of the other offices advised of the price at which they were selling this merchandise, but that in the case of the instant shipment, the office which had sold neatsfoot oil at 25 cents per pound, net, packed, for home

consumption in Canada, failed to notify the office which exported the instant merchandise of that fact, and this resulted in the undervaluation of the instant merchandise.

On cross-examination, the petitioner herein testified that he did not make any investigation anywhere as to the correct value of the merchandise before he made entry.

X Q. You just received the invoice and made the entry without any investigation whatsoever?—A. According to their values I made it.
X Q. I mean that is what you did without investigating?—A. That's right.
X Q. Without trying to ascertain the value; is that right?—A. That's right.

The second witness, Mr. McBride, stated that he was responsible for the customs operations and the traffic department at the Winnipeg office. He testified that:

The procedure on these particular types of shipments is that a contract is made by our head office in Toronto with the privilege of shipping the merchandise from any one of its plants throughout the Dominion. A copy of that contract is transmitted to each plant and as the product is accumulated in small quantities it is reshipped and our head office is advised the quantities that have been shipped against the contract.

When this witness was asked by the court if he had any particular reason to offer the court why this matter was handled as it was when he, himself, was in full charge of it, the witness replied as follows:

Simply, the information had not been relayed to us from our Toronto office that a home market value existed in Toronto which was in excess of the f. o. b. Toronto price that was arrived at by deducting the transportation or duty charges against the contract that had been shipped. Had we been informed and as soon as we were able to investigate for ourselves that such was the case we immediately amended entries. This case, however, had gone beyond the time limit.

It is apparent from the record herein that when petitioner received the invoice and other official papers in this case, he proceeded to make entry of the merchandise at the invoice price, less freight, internal tax, and duty, without making any inquiry or investigation as to the proper value at which to make entry.

In *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434, the Court of Customs and Patent Appeals found as follows:

* * * The record discloses that appellee, a customhouse broker with 25 years' experience, after receiving the consulate invoice merely filed with appraiser a request for information as to the value of the merchandise; that the appraiser told appellee that he had no information and for appellee "to pursue it and get further information." Where a submission sheet has been returned to an importer with no information, that fact is sufficient to put a customhouse broker on notice so as to require that he seek further information as to value before making entry. *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306.

The record discloses that appellee did not inquire of the seller regarding the value of the merchandise; that he did not inquire of Charles T. Wilson Company, Inc., the purchaser of the merchandise, regarding the value of the merchandise; that the Charles T. Wilson Company, Inc., did not advise appellee anything relating to the value of the merchandise; and that appellee made no other effort to ascertain the value of the merchandise but simply entered the shipment at the value shown on the consulate invoice. Such indifference as to the proper.value of the merchandise as disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support appellee's petition for remission under the statute. *National Silk Spinning Co., Inc.* v. *United States*, 28 C. C. P. A. (Customs) 24, 26, C. A. D. 119; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70.

There was a duty upon the appellee to seek information as to the correctness of his representation as to the value of the merchandise, and that duty was not performed by appellee. In the case of *R. W. Gresham* v. *United States, supra,* this court said (at p. 111):

It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

Such indifference as to the proper value of the merchandise as is disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support the instant petition for remission under the statute. The petition is therefore denied.